UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEBORAH ANN BUCZEK,

      Appellant,

v.                                       19-CV-527 (JLS)

KEYBANK, N.A.,

      Defendant.
_____

## DECISION AND ORDER

Appellant Deborah Ann Buczek appeals from an order of the United States Bankrupcty Court for the Western District of New York entered on April 1, 2019, and reconsidered on April 22, 2019, terminating the automatic stay that went into effect upon the July 20, 2018 filing of her Chapter 13 bankruptcy case. *See generally* Dkt. 1.

For the reasons below, this Court determines that Buczek's arguments on appeal are without merit, and the decision of the Bankruptcy Court will be affirmed.

## BACKGROUND

The following facts are taken from the record[1] of the Bankruptcy Court in

---

[1] Citations to the docket of the underlying bankruptcy case (No. 18-11401) will be cited as "Bankr. Dkt." Citations to the appellate docket in this case will be cited as "Dkt."

Buczek's underlying case. This case[2] concerns real property located at 7335 Derby Road, Derby, NY 14047. Buczek obtained a home equity line of credit in the amount of $50,000 on October 7, 2008, which was memorialized in a Key Equity Options Agreement. Dkt. 12, at 3; *see also* Dkt. 11 (Exh. A); Bankr. Dkt. 105-2. Buczek offered as security the real property located at 7335 Derby Road, Derby, NY 14047. After Buczek became delinquent in mortgage payments, KeyBank commenced a foreclosure action in New York Supreme Court, Erie County in 2015. Dkt. 12, at 3. The Judgment of Foreclosure and Sale, signed by the Honorable Sheila A. DiTullio on April 26, 2018 and filed on May 16, 2018, authorized a foreclosure sale of the mortgaged property. Dkt. 7-2, at 19-28; Bankr. Dkt. 146, at 19-28 (Exh. 1).

On July 20, 2018, Buczek filed a voluntary petition for relief under the provisions of Chapter 13 of Title 11 of the United States Bankruptcy Code in United States Bankruptcy Court for the Western District of New York. Bankr. Dkt. 1 (Case No. 1-18-11401). This filing resulted in an automatic stay of the foreclosure under 11 U.S.C. § 362.

On September 18, 2018, Buczek filed her Chapter 13 Plan. Bankr. Dkt. 42; Dkt. 6-9. KeyBank objected to the plan on October 10, 2018, on the basis that the

---

[2] There are several other pending bankruptcy appeals involving Ms. Buczek, her bankruptcy case No. 18-11401, or this property. *See, e.g., Buczek v. Rosicki, et al.*, No. 19-cv-880-JLS (W.D.N.Y. filed July 2, 2019); *Shane Christopher Buczek v. Nationstar Mortgage LLC*, No. 19-cv-1402-JLS (W.D.N.Y. filed Oct. 17, 2019); *Shane Christopher Buczek v. KeyBank*, 20-cv-80 (W.D.N.Y. filed Jan. 22, 2020). This order is limited to the case No. 19-cv-527 appealing the April 1, 2019 order, and therefore the background section will only summarize briefly the facts relevant to this appeal.

2

proposed plan failed to provide for KeyBank's claim, which amounted to $62,918.93. Bankr. Dkt. 52; *see also* Dkt. 6-6 (KeyBank's Proof of Claim). Buczek opposed KeyBank's claim (Bankr. Dkts. 97, 99, 117), but the Bankruptcy Court overruled her objections at an April 8, 2019 hearing. Bankr. Dkt. 139; *see generally* Dkt. 9, Hr'g Tr., Apr. 8, 2019.

On March 4, 2019, KeyBank filed a motion for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1), citing multiple grounds for the requested relief. Bankr. Dkt. 105; Dkt. 6-13. On March 28, 2019, Debtor filed her response. Bankr. Dkt. 122; Dkt. 6-16.

On April 1, 2019, the Bankruptcy Court held a hearing on the motion for relief from the stay. *See generally* Dkt. 8, Hr'g Tr., Apr. 1, 2019 (hereinafter "Apr. 1 Hr'g Tr."). At this hearing, Appellant Buczek claimed she was served with KeyBank's motion, but was not served with a copy of the Broker Price Opinion ("BPO") that was attached to the motion. Apr. 1 Hr'g Tr. 3:9-19; *id.* Tr. 6:21-9:6. Judge Bucki granted KeyBank's motion for relief from the automatic stay for cause under Section 362(d)(1) based solely on Buczek's failure to pay post-petition mortgage payments. *Id.* Tr. 18:3-19:3. Judge Bucki specified that whether Buczek was served properly with a copy of the BPO was not relevant to the decision to lift the stay for cause—as the lack of value of the property was only one of multiple grounds KeyBank raised in their motion. *Id.* Tr. 18:18-19:12; *see also id.* Tr. 26:10-27:2 ("I limit my decision to the fact that the post-petition mortgage payments were not paid. If I was going to base my decision on values of property, I would have

required the bank to give you more time to review the broker price opinion but I'm not basing it on that."). Judge Bucki memorialized this decision in an order signed that day, April 1, 2019. Bankr. Dkt. 126; Dkt. 6-17.

On April 8, 2019, Buczek filed a motion for reconsideration, entitled "Emergency Motion for Reconsideration Requiring Emergency Injunction and Temporary Restraining Order," and similar amended motions on April 15, 2019. Bankr. Dkts. 134, 142, 144; Dkts. 4-8, 4-9. 4-10. KeyBank objected to these motions for reconsideration on April 19, 2019. Bankr. Dkt. 146; Dkt. 7-2. Judge Bucki denied Appellant Buczek's motion in a hearing held on April 22, 2019. *See generally* Dkt. 10, Hr'g Tr., Apr. 22, 2019 (hereinafter "Apr. 22 Hr'g Tr."). Judge Bucki reiterated that his decision was based on Section 362(d)(1) and Buczek's failure to make post-petition mortgage payments—and quoted the case management order instructing that Buczek was responsible for continuing such payments absent a special agreement. Apr. 22 Hr'g Tr. 28:5-29:20. Judge Bucki further stated that Buczek would have to raise any arguments relating to the validity of the mortgage or the value of the property in state court.[3] *Id.* Tr. 29:21-34:20.

On April 22, 2019, Buczek filed the instant appeal, appearing *pro se.* Dkt. 1. She filed an amended Notice of Appeal on April 25, 2019. Dkt. 3. Buczek's appeal

---

[3] As Judge Bucki noted at this hearing, KeyBank's opposition papers included a copy—and informed the Bankruptcy Court for the first time—of a state court order dated May 16, 2018, confirming a referee's report and granting a judgment of foreclosure and sale to KeyBank. Apr. 22 Hr'g Tr. 16:12-18:1, 24:18-25:3. In light of this order, Judge Bucki stated that many of Buczek's arguments regarding the loan were already rejected by Judge DiTullio in state court.

4

purports to raise a number of issues, including the following: violations of due process by KeyBank and the Bankruptcy Court, failure of KeyBank to satisfy the requirements of 11 U.S.C. § 362(d)(1) in requesting relief from the automatic stay, denial of an opportunity to submit a defense to KeyBank's motion, fraud and conspiracy to defraud, error by the Bankruptcy Court in removing the stay based on failure to make payments—which Buczek argues were not required to be made— and the automatic stay was removed under false pretenses. Dkt. 11, at 5-6.

Buczek filed her brief on June 5, 2019. Dkt. 11. KeyBank filed its brief on June 18, 2019. Dkt. 12. Buczek filed a reply, an affidavit, and a supplemental reply on July 3, 2019, July 8, 2019, and July 9, 2019, respectively. Dkts. 13, 14, 15. KeyBank moved to strike, or, in the alternative, for leave to file a surreply on July 22, 2019. Dkt. 16. On April 6, 2020, this Court[4] granted KeyBank leave to file a surreply, Dkt. 18, which KeyBank did on April 20, 2020. Dkt. 19.

## DISCUSSION

### I.   JURISDICTION & STANDARD OF REVIEW

This Court has jurisdiction to hear appeals from bankruptcy courts under 28 U.S.C. § 158(a), which provides that the "district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees; . . . [and] with leave of court, from other interlocutory orders and decrees . . . of

---

[4] This case was assigned to Judge Wolford, before it was reassigned to Judge John L. Sinatra, Jr. on January 3, 2020. Dkt. 17.

bankruptcy judges."[5]  28 U.S.C. § 158(a)(1), (3).  A district court may "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings."  *In re Ehrenfeld*, No. 19-CV-8718 (RA), 2020 WL 5758819, at *2 (S.D.N.Y. Sept. 28, 2020) (quoting *In re Margulies*, 566 B.R. 318, 328 (Bankr. S.D.N.Y. 2017)).  Part VIII of the Federal Rules of Bankruptcy Procedure governs the procedures in such appeals.

This Court will review the Bankruptcy Court's decision to lift the automatic stay for abuse of discretion.  *See, e.g., Osuji v. Deutsche Bank, N.A.*, 589 B.R. 502, 507 (E.D.N.Y. 2018) (citing *In re Sonnax Indus.*, 907 F.2d 1280, 1286 (2d Cir. 1990)); *see also Ehrenfeld*, 2020 WL 5758819, at *2 (first citing *In re Sonnax*, 907 F.2d at 1286; and then citing *In re Adelphia Comm. Corp.*, 342 B.R. 122, 126 (Bankr. S.D.N.Y. 2006) ("Matters left to the bankruptcy court's discretion—including whether to lift a stay under § 362(d)—are reviewed for abuse of discretion.").[6]  A bankruptcy court abuses its discretion "when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence."  *In re Soundview Elite Ltd.*, 646 F.App'x 1, 1 (2d Cir. 2016) (citing *In re Highgate Equities, Ltd.*, 279

---

[5] Bankruptcy court orders lifting an automatic stay are final for purposes of appealability.  *See In re Quigley Co., Inc.*, 676 F.3d 45, 51 (2d Cir. 2012) (citing *In re Chateaugay Corp. Inc.*, 880 F.2d 1509, 1511 (2d Cir. 1989)); *see also Ritzen Group, Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582 (Jan. 14, 2020).

[6] District courts review the Bankruptcy Court's legal conclusions *de novo* and its factual findings for clear error.  *In re Hyman*, 502 F.3d 61, 65 (2d Cir. 2007); *see also In re Bayshore Wire Products Corp.*, 209 F.3d 100, 103 (2d Cir. 2000) ("Like the District Court, we review the Bankruptcy Court's findings of fact for clear error . . . [and] its conclusions of law *de novo*").

F.3d 148, 152 (2d Cir. 2002)).  The denial of a motion to reconsider in bankruptcy is also reviewed for abuse of discretion.  *See, e.g., Matter of AMR Corp.*, 566 B.R. 657, 665 (S.D.N.Y. 2017) (citations omitted).

## II.  THE APRIL 1, 2019 ORDER TERMINATING THE AUTOMATIC STAY

Section 362(a) of the Bankruptcy Code provides that the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of . . . (2) the enforcement against, the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title . . . [and] (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(2), (6).

Section 362(d) provides that the court may grant relief from the stay, such as terminating or modifying the stay, as follows:

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>     (A) the debtor does not have an equity in such property; and
>     (B) such property is not necessary to an effective reorganization . . .

*Id.* § 362(d)(1)-(2).

With respect to subsection (1) and determining whether there is "cause," this Court considers the non-exclusive factors set forth by the Second Circuit in *In re Sonnax*, 907 F.2d at 1286.[7]  But only those factors "relevant to a particular case

---

[7] These factors include: "(1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a

7

need to be considered," and the Court "need not assign them equal weight." *In re Touloumis*, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994) (first citing *In re Sonnax*, 907 F.2d at 1285; and then citing *In re Anton*, 145 B.R. 767, 770 (Bankr. E.D.N.Y. 1992)). On a motion for relief from the automatic stay under Section 362(d), the debtor bears the burden of proof on all issues, other than establishing the debtor's equity in the property. *In re Fennell*, 495 B.R. 232, 239 (Bankr. E.D.N.Y. 2012) (citing 11 U.S.C. § 362(g)).

Courts in this circuit have ruled that a debtor's failure to pay mortgage payments can constitute sufficient cause to modify an automatic stay. *Osuji*, 589 B.R. at 511 (first citing *In re Campora*, Nos. 14-CV-5066 (JFB), 14-CV-7123 (JFB), 2015 WL 5178823, at *5 (E.D.N.Y. Sept. 3, 2015); and then citing *In re Fennell*, 495 B.R. at 239); *In re Everton Aloysius Sterling*, 543 B.R. 385, 392 (Bankr. S.D.N.Y. 2015); *Thompson v. JP Morgan Chase Bank, N.A.*, No. 11-cv-2905(JFB), 2012 WL 739384, at *6 (E.D.N.Y. Mar. 8, 2012). Failure to make mortgage payments is "one of the best examples of a 'lack of adequate protection' under Section 362(d)(1) of the

---

fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and impact of the stay on the parties and the balance of harms." *In re Sonnax*, 907 F.2d at 1286.

Bankruptcy Code." *In re Schuessler*, 386 B.R. 458, 480 (Bankr. S.D.N.Y. 2008) (citing *In re Taylor*, 151 B.R. 646, 648 (E.D.N.Y. 1993)).

Here, considering all the *Sonnax* factors and the record, the Court concludes the Bankruptcy Court did not abuse its discretion when it lifted the stay pursuant to 11 U.S.C. § 362(d)(1). *See, e.g., Thompson*, 2012 WL 739384, at *6 (upon consideration of the *Sonnax* factors, finding cause where the debtor was not making mortgage payments, the secured creditor had begun foreclosure proceedings in state court, and creditor continued to expend money for taxes and insurance on the property). In its motion to vacate the stay, KeyBank established that Buczek had not made mortgage payments since early 2014. Bankr. Dkt. 105, at 2-4. Buczek offers no evidence to contradict KeyBank's assertion that she failed to make her post-petition mortgage payments. Indeed, she admitted that she had not made any post-petition payments to KeyBank. Apr. 1 Hr'g Tr. 21:8-24. As Judge Bucki explained at the hearing, this, on its own, is grounds for granting the motion for relief from the automatic stay.[8] *See Osuji*, 589 B.R. at 511; *In re Campora*, 2015 WL 5178823, at *5 (collecting cases).

---

[8] While KeyBank's motion for relief from the automatic stay provided several grounds, *see* Bankr. Dkt. 105, Judge Bucki's decision—as clearly stated on the record and in the written order issued April 1, 2019—was based solely on Buczek's failure to pay these post-petition mortgage payments. Bankr. Dkt. 126; Dkt. 6-17. To the extent that Buczek makes arguments in this appeal regarding those other grounds, including those set forth in Section 362(d)(2), they are not relevant to this Court's review.

9

This Court affirms the Bankruptcy Court's April 1, 2019 order lifting the stay in this action. The Court will consider next the order denying the motion for reconsideration of the April 1, 2019 order.

### III. THE APRIL 22, 2019 ORDER DENYING THE MOTION TO RECONSIDER

Pursuant to Bankruptcy Rule 9023, which incorporates Rule 59 of the Federal Rules of Civil Procedure, a party may move to "alter or amend a judgment" within 14 days of the entry of the judgment.[9] Fed. R. Civ. P. 59(e); Fed. R. Bankr. P. 9023. A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite of the apple." *In re Peterson*, Civ. No. 3:19-CV-00249(KAD), 2020 WL 607153, at *1 (D. Conn. Feb. 7, 2020) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)). The Second Circuit has held that a motion for reconsideration "should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)). As such, a motion for reconsideration is "an

---

[9] Buczek cites to Rule 60 in reference to her Motion for Reconsideration and arguments related to fraud. *See, e.g.*, Dkt. 11, at 30. However, this Court construes this Motion for Reconsideration as a motion under Rule 59—as it is a motion to reconsider filed within 14 days of the entry of the "judgment." *See* Fed. R. Bankr. P. 7054 (incorporating Federal Rule of Civil Procedure 54(a), which defines a "judgment" as "any order from which an appeal lies"); *see In re Flatbush Square, Inc.*, 508 B.R. 563, 568-69 (Bankr. E.D.N.Y. 2014).

extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Richmond*, 516 B.R. 229, 234 (Bankr. E.D.N.Y. 2014) (internal quotations omitted) (quoting *Corines v. Am. Physicians Ins. Trust*, 769 F. Supp. 2d 584, 593-94 (S.D.N.Y. 2011)).

In her motion for reconsideration, as well as in her briefs in this appeal, Buczek makes several arguments to challenge Judge Bucki's order lifting the stay and order denying the motion for reconsideration. *See generally* Dkt. 11, at 5-6. First, Buczek argues that KeyBank did not satisfy the requirements of 11 U.S.C. §§ 362(d)(1) or (2), and that she was not required or notified of her obligation to make post-petition mortgage payments. *Id.* at 27-28. Second, Buczek argues that her due process rights were violated by KeyBank's failure to provide her with a copy of the motion for relief from the stay, and its attachments. *Id.* at 23-27. As a result, Buczek maintains that Judge Bucki's decision on KeyBank's motion was issued in violation of due process and is a void judgment. *Id.* Lastly, Buczek alleges KeyBank used fraud, false pretenses, and misrepresentation—particularly by filing a "false" BPO—in seeking relief from the automatic stay. *Id.* at 28-30.

In the hearing held on April 22, 2019, Judge Bucki determined that Buczek's motion had not met the standard for reconsideration and, thus, denied the motion for reconsideration. Apr. 22 Hr'g Tr. 34:10-11. Upon this Court's review of the record and the parties' submissions, this Court concludes that the Bankruptcy Court acted within its discretion in denying Buczek's motion for reconsideration.

11

First, as discussed earlier, Judge Bucki acted within his discretion in concluding KeyBank was entitled to relief from the stay under Section 362(d)(1) based on Buczek's failure to pay post-petition mortgage payments. *See* Apr. 1 Hr'g Tr. 26:7-27:2. At both hearings, Judge Bucki made it clear his ruling was limited to this basis alone—he made no ruling as to whether KeyBank was entitled to relief under Section 362(d)(2). *Id.*; *see also* Apr. 22 Hr'g Tr. 28:5-29:20 ("Many of your arguments focus on Section 362(d)(2) which deals with the valuation of the property . . . My decision was based not on section 362(d)(2) but on 362(d)(1), which is for cause."). Insofar as Buczek presents arguments on appeal related to Section 362(d)(2) and the value of the property, these arguments are irrelevant. Further, Buczek's claim that she was never informed of her obligation to make the post-petition payments was also properly rejected by Judge Bucki. At the April 22, 2019 hearing, Judge Bucki read on the record the case management order issued in Buczek's bankruptcy case—which provides that "all post-mortgage payments are to be made to the debtor directly to the mortgagee or its servicer, unless the Trustee agrees otherwise." Apr. 22 Hr'g Tr. 28:17-29:6. Buczek has not presented evidence showing she was not obliged to make these payments. Thus, these arguments do not merit reversal of Judge Bucki's orders.

Similarly, Buczek's claim that she was denied due process does not establish grounds for reconsideration here. It is well established that to satisfy due process during any proceeding, there must be "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford

12

them an opportunity to present their objections." *See, e.g., Pierre v. Aurora Com. Corp.*, 620 B.R. 210, 219 (S.D.N.Y. 2020) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950); and then citing *In re Grumman Olson Indus., Inc.*, 467 B.R. 694, 706 (S.D.N.Y. 2012)). Pursuant to 11 U.S.C. § 362(d), the motion for relief from a stay may be granted "after notice and a hearing." Even assuming Buczek was not served properly with KeyBank's motion and the attached BPO, the record clearly establishes that KeyBank gave adequate notice of the motion for stay relief. And, as Judge Bucki stated, the BPO was not relevant to his decision because his decision was not based on the value of the property at all, which is a "Section 362(d)(2) issue." *See, e.g.*, Apr. 22 Hr'g Tr. 32:1-7. Buczek had an opportunity to respond to KeyBank's motion in person at two different hearings and through various submissions to the Bankruptcy Court, including the motions for reconsideration. Buczek has not shown any evidence of a denial of due process or abuse of discretion entitling her to reversal of Judge Bucki's orders.

Lastly, Buczek alleges KeyBank has engaged in various fraudulent actions and misrepresentations to obtain relief from the stay and "quick sale" the property. To the extent these arguments concern the value and information in the BPO, these arguments are, again, irrelevant to this appeal of Judge Bucki's limited orders. Further, Judge Bucki did not abuse his discretion in rejecting these arguments in light of the court's learning of the state court order of foreclosure and sale previously entered on May 18, 2018. At the April 22, 2019 hearing, Judge Bucki explained that once a state court has decided the validity of a mortgage and the

13

right to a foreclosure, the bankruptcy court was not permitted to revisit that decision. *See, e.g.*, Apr. 22 Hr'g Tr. 34:2-9 ("[T]he jurisdiction of whether you have a valid mortgage is properly in state court because it was decided by state court and, once they make their decision, I'm bound by it. I can't second-guess it."). Judge Bucki instructed that arguments concerning the validity of the mortgage were to be raised, either in the first instance or on appeal from the foreclosure judgment, in state court. *Id.* Tr. 29:21-30:24. Based on this record, Judge Bucki correctly concluded Buczek had not met the stringent standard for reconsideration of his earlier order.

As to Buczek's remaining arguments,[10] this Court has reviewed them and finds them without merit. The Bankruptcy Court orders are affirmed.

## CONCLUSION

For the foregoing reasons, the Court concludes that the Bankruptcy Court did not abuse its discretion in lifting the automatic stay and denying the motion for reconsideration. The Court affirms the Bankruptcy Court's April 1, 2019 Order

---

[10] In addition to her reply filed July 3, 2019, Buczek also filed a supplemental reply brief on July 9, 2019. Dkts. 13, 15. In these briefs, Buczek presents various objections to KeyBank's proof of claim, such as KeyBank's failure to provide original security documents, KeyBank's failure to post bond or other security, KeyBank's providing altered or inauthentic documents and signatures, and other acts of fraud. *See generally id.* The Court has reviewed Buczek's arguments and finds them irrelevant to this appeal, waived, or barred by the *Rooker-Feldman* doctrine, which generally prohibits District Court direct review of state court decisions.

granting relief from the stay and the April 22, 2019 Order denying the motion for reconsideration. The Clerk of the Court is ordered to close this appeal.

The Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and, therefore, DENIES leave to appeal as a poor person. *See Coppedge v. United States*, 369 U.S. 438, 444-46 (1962).

Buczek must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:   December 8, 2020
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE